UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

IRA MONAS,                          :

       Plaintiff,            :

     - v. -                   :        07 CV 5954 (SAS)
                                             04 CR 1355 (SAS)

UNITED STATES OF AMERICA,            :

       Defendant.           :

- - - - - - - - - - - - - - - - X


## MEMORANDUM OF LAW IN OPPOSITION TO
## <u>MONAS' MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>


                         MICHAEL J. GARCIA
                         United States Attorney
                         Southern District of New York
                         Attorney for the United States
                             of America


JOAN M. LOUGHNANE
Assistant United States Attorney

    - Of Counsel -

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to the motion of Ira Monas seeking to vacate, set aside or correct the sentence imposed by this Court, pursuant to Title 28, United States Code, Section 2255, filed on June 26, 2007. Monas' claims, which ultimately constitute a request for a sentence shorter than the 77 months' imposed by this Court, were waived by his plea agreement. Even if they had not been waived, they are meritless, and accordingly the Government respectfully requests that the motion be denied.

## FACTS

A.    Background

1.    The Securities Case before Judge Owen

On February 15, 2001, Ira Monas was arrested and charged with securities fraud in a criminal complaint filed in the Southern District of New York. Pre-Sentence Report in 04 Cr. 1355 ("PSR") ¶ 6. On February 27, 2001, Monas was released on a $1,000,000 personal recognizance bond. The conditions of his release included a requirement of home detention with electronic monitoring, and a special condition that Monas could seek employment only outside the financial industry. PSR ¶ 7.

On July 25, 2001, Monas was indicted on three counts of securities fraud in Indictment 01 Cr. 728 (the "Securities Case,") and on December 20, 2002, Monas plead guilty to Counts 1

1

and 2, each of which charged securities fraud.  Monas remained
free on bond until December 4, 2003, when he was charged in the
instant case.

    While Monas was out on bond, law enforcement agents
later learned, he began to inform various people and entities
that he was the senior vice-president of a financing company
called EFG/East Coast.  PSR ¶ 11.  Monas falsely represented to
victims that he could obtain financing on their behalf, and was
collecting "advance fees" as payment for doing so.  PSR ¶¶ 11-26.
Monas had not, however, secured financing for anyone and in fact
had spent the fees on personal expenses.  Id.

    On December 4, 2003, as a result of this advance fee
scheme, Monas was arrested on a complaint charging wire fraud in
the instant case, and Monas' bail in the Securities Case was
revoked.  On November 19, 2004, Monas was sentenced by Judge Owen
in the Securities Case to 96 months' imprisonment.  PSR ¶ 27.  On
appeal that sentence was reduced to 60 months' imprisonment.  See
United States v. Monas, 2006 WL 1115442 (2d Cir. 2006) (summary
order, attached).

    B.    The Guilty Plea In This Case

    On December 7, 2004, waived indictment and consented to
the filing of the two-count Information 04 Cr. 1355 against him.
Monas pleaded guilty to both counts, pursuant to a plea
agreement, before the Honorable Douglas Eaton, United States

Magistrate Judge, on designation from this Court.    Each count charged Monas with wire fraud, in violation of Title 18, United States Code, Section 1343, in connection with his scheme to fraudulently collect "advance fees" in exchange for promises to obtain financing.

The plea agreement between Monas and the Government stipulated that Monas' offense level was 21, his criminal history category was VI, and his stipulated sentencing Guidelines range was 77 to 96 months.    Court Exhibit 1, Plea Agreement signed by Monas on November 19, 2004 ("Plea Agmt.") at 2-4.    In addition, the Government agreed to "take no position on whether the sentence in this matter and the defendant's sentence in United States v. Ira Monas, 01 Cr. 728 (RO) should be consecutive or concurrent."    Id. at 4.    In the agreement, Monas also agreed "that [he would] not file a direct appeal, not litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the stipulated Sentencing range [of 77 to 96 months] set forth above."    Plea Agmt. At 5.    The plea agreement provided that Monas "explicitly acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence," id., which was set forth in the plea agreement as 20 years' imprisonment on each count.    Id. at 1. Finally, Monas acknowledged in the plea agreement that "the

3

sentence to be imposed . . . is determined solely by the Court

[and] . . . the defendant will have no right to withdraw his plea

of guilty should the sentence imposed by the Court be outside the

Guidelines range set forth above." Id. At 4.

Before accepting Monas' guilty plea, Judge Eaton

conducted a careful and thorough colloquy under Rule 11 of the

Federal Rules of Criminal Procedure.   Among other things, during

the plea, Judge Eaton confirmed that Monas was competent to plead

guilty and had had the opportunity to review the plea agreement

with his attorney.   December 7, 2004 Transcript of Plea ("Plea

Tr.") at 4, 6-7.   Judge Eaton directed Monas' attention to his

plea agreement with the Government and specifically described to

Monas certain provisions in the agreement.   Id. at 6-10.   Judge

Eaton addressed the waiver of appeal provision in the agreement,

confirming that Monas was agreeing not to appeal or otherwise

litigate any term of imprisonment equal to or below 77-96 months'

imprisonment.   Id. at 8-10.   Judge Eaton also confirmed with

Monas that no promises, beyond what was contained in the plea

agreement, or threats had been made to induce him to plead

guilty.   Id. at 7, 10.   Finally, Judge Eaton cautioned Monas that

the sentencing judge would not be bound by the terms of the plea

agreement, and could, under certain circumstances, impose a

sentence higher than the range that was stipulated in the plea

agreement.   Id. at 8.   Judge Eaton then confirmed that Monas

understood that he would not be permitted to withdraw his plea if he was dissatisfied with his sentence.  Id. at 8-10.

    C.    <u>Sentence</u>

       On March 7, 2005, Monas was sentenced.  Consistent with the plea agreement, the Pre-Sentence Report found a sentencing guidelines level of 21, a criminal history category of VI, and a Guidelines range of 77 to 96 months' imprisonment.  The report recommended, however, that Monas' sentence in this case be imposed *consecutively* to the sentence in the Securities Case.  <u>See</u> PSR recommendation.  At sentencing, this Court also found a sentencing guidelines level of 21, a criminal history category of VI, and a Guidelines range of 77 to 96 months' imprisonment.  March 7, 2005 Transcript of Sentence ("Sentence Tr.") at 4.  Your Honor then took note that "[t]he defendant has asked that whatever sentence the court imposes be made to run concurrent with a sentence recently imposed by Judge Owen [in <u>United States v. Ira Monas</u>, 01 Cr. 728].  The Government has agreed to take no position with respect to this request."  Id. at 5.

       At sentencing, defense counsel spoke at length on behalf of Monas.  Counsel argued that any sentence should be concurrent to the sentence imposed in the Securities Case, citing the length of that sentence, Monas's psychiatric problems, his poor physical health, and his family circumstances.  In response, the Assistant United States Attorney handling the case (the "Assistant") said, "As the Government indicated in the plea

5

agreement, the Government has taken no position on whether the sentences should be concurrent or consecutive." Sentence Tr. At 17. She continued, "[w]ith that in mind, I just want to make a note that because there is an enhancement for committing the crime while on release, 18 U.S.C. 3147 says a term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment. I think all that means, though, is that <u>one day</u> versus the entire amount could be consecutive." <u>Id</u>. At 17 (emphasis added). There was no objection to this statement.

Your Honor then imposed a sentence of 77 months' imprisonment, the first 60 months' of which were to run concurrent with the undischarged term of imprisonment that Monas was then serving. <u>Id.</u> at 17-18. Your Honor also ordered that the sentence should begin nunc pro tunc from the time of Monas' remand into federal custody in December 2003. In imposing sentence so, Your Honor discussed the reasons for the sentence under Title 18, United States Code, Section 3553. With respect to deterrence, Your Honor said, if the sentence

> was fully concurrent it simply means that once you are facing charges on major fraud, you can commit all the further frauds you want because there is no additional time. It would be a free pass to further frauds . . . and I couldn't do that.

Sentence Tr. At 190-20. Your Honor further said that some concurrent time was necessary in order to protect the public: "once you were facing a major sentence you would be free to

commit further crimes, and that would not protect the public and would not provide adequate deterrence." Id. At 20.   Your Honor also took into account, and discussed, Monas' extensive criminal history (13 convictions), his health problems, his family circumstances, and the fact that a shorter sentence made it more likely that restitution would be paid.   Id. at 18-21.

C.    Appeal

On December 2, 2005, counsel for Monas filed a brief accompanying a motion to withdraw as counsel for Monas pursuant to Anders v. California.   In that brief, counsel stated that there were no non-frivolous issues in this case to be determined on appeal.   The Government filed a motion for summary affirmance or dismissal of the appeal, and on July 7, 2006, the Second Circuit granted the motion.

D.    The Instant Motion

On June 26, 2006, Monas filed the instant motion to vacate, set aside, or correct his sentence ("Mot.").   Monas bases his motion on the following claims: (1) that the Government violated the plea agreement because the Assistant U.S. Attorney at his sentence "stat[ed] that some portion of the sentence should be consecutive," to his sentence in the Securities Case, Mot. 5, after having agreed that the Government would take no position on the imposition of consecutive or concurrent time; (2) that his right to a speedy trial was violated because the Government refiled charges which had previously been dismissed

7

with prejudice; (3) that his sentence in this case was an abuse

of discretion and excessive, in light of the reduction in

sentence he ultimately received in the Securities Case; and (4)

that he received ineffective assistance of counsel because (a) he

was assured by counsel that he would get fully concurrent time;

(b) he was sentenced to a term in excess of the statutory

maximum in the Securities Case; (c) counsel made erroneous

statements regarding grouping during his sentencing; and (d)

counsel admitted representation of a potential conflict client.

Monas therefore asks that this court "correct [his]

sentence to a term not to exceed 60 months concurrent [with his

sentence in the Securities Case,] 01 Cr. 728." Mot. At 13.

ARGUMENT

I.    <u>Monas' Claim Is Waived By His Plea Agreement.</u>

Monas' claim to reduce his sentence from 77 months'

imprisonment to 60 months' imprisonment was waived by his plea

agreement.[1]  As set forth above, Monas agreed in his plea

---

[1] Waiver of the right to appeal or litigate a sentence of a
particular length does not serve as a waiver of the right to
appeal the concurrent or consecutive imposition of a sentence.
<u>United States v. Williams</u>, 260 F.3d 160, 164-65 (2d Cir. 2001).
As set forth above, however, Monas seeks a reduction of his
sentence from 77 months' imprisonment to 60 months' imprisonment,
and therefore clearly contests the length of the sentence imposed
by this Court. <u>See</u> Mot. at 14.

In fact, despite his discussion of concurrent vs.
consecutive time, Monas' motion is ultimately a simple request
for a shorter sentence. That is necessarily the case; as a
practical matter, the sentence in this case is already fully
concurrent with the sentence in the Securities Case, as a result
of the appeal in the Securities Case. Monas' sentence in this
case is 77 months' long, and 60 months' of that sentence runs

agreement that he would not "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or 2241, any sentence within or below the stipulated Sentencing range [of 77 to 96 months] set forth [in the plea agreement]." Plea Agmt. at 5. It cannot be disputed that the sentence imposed on Monas – 77 months' imprisonment – was within this stipulated Guidelines Sentencing range.

Nor can it be disputed that Monas's waiver of the right to litigate this sentence was voluntary, in light of the colloquy at his plea proceeding. As described above, at that proceeding, Judge Eaton expressly advised Monas that he was giving up his right to appeal or otherwise litigate any sentence in the range set forth in the plea agreement (77 to 96 months), and Monas confirmed that he understood this. Plea Tr. at 8-10.

It is well-established in the Second Circuit that, pursuant to a plea agreement, a defendant may waive his right to appeal, or otherwise litigate under Section 2255, a sentence. See United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995) (dismissing appeal of a sentence within a stipulated Guidelines

---

concurrently to the Securities Case, beginning nunc pro tunc on the day Monas was remanded into federal custody in that case. After being reduced on appeal, the sentence in the Securities Case is only 60 months' long, so it is fully concurrent with the sentence in this case.

Only a reduction of the length of sentence imposed in this case, therefore, will reduce the total term of Monas' imprisonment. It is that request, however – to reduce his sentence in this case below 77 months' – that is barred by Monas' plea agreement.

range where the appeal was foreclosed by defendant's plea
agreement, because "[o]nly the dismissal of this appeal will
afford the prosecution the benefit of its bargain"); United
States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995); United States
v. Schmick, 21 F.3d 11, 12 n.1 (2d Cir. 1994) (per curiam);
United States v. Salcido-Contreras, 990 F.2d 51, 51-52 (2d Cir.
1993) (per curiam).  Indeed, in Salcido-Contreras, the Second
Circuit stated

> In no circumstances... may a defendant,
> who has secured the benefits of a plea
> agreement and knowingly and voluntarily
> waived the right to appeal a certain
> sentence, then appeal the merits of a
> sentence conforming to the agreement.
> Such a remedy would render the plea
> bargaining process and the resulting
> agreement meaningless.

Id. at 53.  Similarly, in Pipitone, the Court held that the
waiver of a right to appeal in a plea agreement also barred the
defendant from later filing a Section 2255 motion challenging his
sentence.  United States v. Pipitone, 67 F.3d at 39; Kaiser v.
United States, 00 Civ. 5718 (LAP), 2001 WL 237382, at *2
(S.D.N.Y. Mar. 9, 2001); see also Gumbs v. United States, 8 F.
Supp.2d 882, 883 (S.D.N.Y. 1998) (holding that Section 2255
"waiver is enforceable and constitutes a separate ground for
dismissal of the Petition" because imposed sentence fell within
the stipulated Guidelines range); United States v. Montague, 5 F.
Supp.2d 205, 205 (S.D.N.Y. 1998) (same); Ramirez v. United

States, 963 F. Supp. 329, 332 (S.D.N.Y. 1997) (barring defendant from filing a Section 2255 motion because he "knowingly and voluntarily executed a plea agreement containing a waiver of the right to appeal").

In the instant case, there is no question that Monas fully understood that he was waiving his right to appeal or to file a § 2255 motion. During the plea proceedings, Monas was expressly asked whether he understood that he was giving up or waiving this right to appeal or to otherwise litigate a sentence within or below the Guidelines range of 77 to 96 months. See Plea Tr. at 8-10. Monas answered, "Yes, I do." Id. at 10. In addition, Judge Eaton had established through questioning of Monas that Monas was competent to enter a guilty plea and that Monas understood what was taking place in court.

Because he received a sentence within the Stipulated Sentencing Guidelines Range, and because he knowingly waived his right to appeal or attack collaterally such a sentence, Monas is barred by his plea agreement from filing this Section 2255 motion. The claims he raises in his motion should, therefore, be denied on that ground.

11

II.   <u>Even if Monas Had Not Waived His Right to File a § 2255
      Motion, His Claims Are Meritless.</u>

    A.   <u>The Breach of The Plea Agreement - if Any -
         Was a Technical Violation That Did Not Cause
         Monas Any Meaningful Detriment, and Therefore
         No Remedy Is Required.</u>

As set forth above, at the time of sentence in this
case, Monas had been sentenced in a separate Securities Case
before Judge Owen to 96 months' imprisonment, a sentence later
reduced to 60 months' imprisonment.   See <u>United States v. Monas</u>,
2006 WL 1115442 (2d Cir. 2006) (summary order) at 2 (attached).
In its plea agreement with Monas, the Government agreed to take
no position as to whether the sentence in this case was imposed
consecutively or concurrently with the sentence in the Securities
Case.

After defense counsel's argument at sentencing, the
Government reiterated that it took no position on consecutive or
concurrent time.   The Assistant then said that while "there was
an enhancement for committing the crime [in this case] while on
release [for the crime in the Securities Case], 18 U.S.C. 3147
says a term of imprisonment imposed under this section shall be
consecutive to any other sentence of imprisonment.   I think all
that means, though, is that <u>one day</u> versus the entire amount
could be consecutive."   Sentence Tr. At 17 (emphasis added).   In
context, this statement appears more likely to mitigate, rather
than enhance, Monas' sentence; Probation was recommending a fully

consecutive sentence, and in the face of a statute that appeared to <u>require</u> consecutive time, the Assistant noted that the amount of consecutive time could be as little as a single day.  The import of this comment is even more clear in the context of the entire sentencing; as set forth above, after a lengthy defense plea for concurrent time, the Assistant said virtually nothing, limiting herself to reiterating that the Government took no position on consecutive vs. concurrent time, and clarifying that the statute required as little as one day of consecutive time. The Assistant certainly did not advocate in any fashion for consecutive time, despite the defendant's lengthy criminal history, and despite his commission of this crime while on release from Judge Owen's case.

These facts distinguish the instant case from cases in which the Second Circuit has found that sentencing advocacy by the Government breached the plea agreement.  In <u>United States v. Vaval</u>, 404 F.3d 144 (2d Cir. 2005), for example, despite an agreement not to argue for an upward departure, or even for a particular sentence within a stipulated range, the Government "volunteered highly negative characterizations of defendant's criminal history as 'appalling' and his purported contrition for his crimes as 'disingenuous.'" <u>Id</u>. at 153.  In addition, the Government proceeded to provide "vivid detail" concerning the defendant's criminal conduct,

going so far as to state that it believed, despite the plain language in the plea agreement, that it could "technically" move for an upward departure because the plea agreement had miscalculated the defendant's criminal history. Vaval at 150.   In Vaval, the Second Circuit found no principled distinction "between the government actually moving for an upward departure and stating that it 'technically' could move for such a departure and then adding arguments that would support such a departure," id. at 153, and therefore found that the Government had breached the plea agreement.

This case is nothing like Vaval.  The Assistant in this case did not characterize Monas' behavior, or provide any vivid details, despite the noteworthy facts of this crime.  Instead, if the Assistant's statement even constituted a breach – and it is not clear that they did, when read in context – it was so minor that "it did not cause the defendant to suffer any meaningful detriment" because the defendant's "reasonable expectations [were] fulfilled," and it therefore requires no remedy.  See Vaval at 155.  In fact, the uncontroversial, essentially neutral nature of the Assistant's remarks is evidence from the fact that monas did not object to them.  Moreover, unlike the Court in Vaval, which reacted to the prosecution's remarks in that case with a sentence at the top of the range, after these remarks this Court sentenced Monas to a term of imprisonment at the bottom fo

14

the range to which he had stipulated.

This case is far more like <u>United States v. Amico</u>, 416 F.3d 163 (2d Cir. 2005), where the Court found that "mild, non-provocative, merely informative and substantially justified" comments did not necessarily breach the Government's obligations, and that even if they did, any breach would be a "technical" violation that did not require that the defendant's sentence be vacated. <u>Amico</u> at 167. As the <u>Vaval</u> court made clear, the distinction lies in the "severity and context" of the Government's statements. Here, given the mild, non-provocative nature of the comment and the overall context of the statement within the sentencing proceeding, the breach, if any was a technical one. The defendant's reasonable expectations – that the Government would not advocate, as Probation had, for a consecutive sentence – were certainly fulfilled.

B.    <u>Monas Has Waived His Speedy Trial Act Claim by</u>
       <u>Pleading Guilty</u>

Monas also alleges a "violation of the right to speedy trial," alleging that after his December 4, 2003 arrest, "the instant case was dismissed with prejudice . . . [and] subsequently . . . identical charges [were filed] in an Information 1 year and 4 days later." Mot. At 6.

As an initial matter, although the complaint upon which Monas was arrested was later dismissed and Monas consented to the filing of an Information, there is no indication that the

complaint was dismissed with prejudice.  See docket United States
v. Ira Monas, 03 Mag. 2368 (attached).  In any event, although
the precise nature of Monas' speedy trial claim is not clear from
his motion, his "speedy trial contention was waived by his entry
of a plea of guilty."  Thye v. U.S., 96 F.3d 635, 637 (2d Cir.
1996); see also 18 U.S.C. § 3162.

      C.   The Sentence in This Case Was Neither An Abuse of
          Discretion Nor Excessive.

Monas next claims that because his sentence in the
Securities Case was later reduced to 60 months' imprisonment,
"the instant sentence . . . becomes excessive."  There is simply
no support, legal or factual, for this claim.  The sentence in
this case serves as punishment for wire fraud crimes distinct
from the crimes charged in the Securities Case, and it is a
reasonable sentence in light of the factors set forth in Title
18, United States Code, Section 3553.  Moreover, the 77-month
sentence the defendant received is a sentence to which the
defendant agreed in his plea agreement, and a sentence that he
promised not to appeal or otherwise litigate.

      D.   The Defendant Has Not Demonstrated Ineffective
          Assistance of Counsel

Monas also has not demonstrated ineffective assistance
of counsel.  In order to demonstrate ineffective assistance of
counsel, Monas must meet the familiar Strickland standard.  To
prevail on a claim of ineffective assistance of counsel, a
defendant must surmount two significant hurdles.  Strickland v.

16

Washington, 466 U.S. 668, 687 (1984). First, he must overcome
the "strong presumption" that counsel's conduct was reasonable
and show that counsel's performance fell below "an objective
standard of reasonableness" under "prevailing professional
norms." Strickland at 669-70; see also, e.g., Williams v.
Taylor, 529 U.S. 362 (2000). To eliminate the "distorting
effects of hindsight," id. at 689, a reviewing court "'must
indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance,' bearing in
mind that '[t]here are countless ways to provide effective
assistance in any given case' and that '[e]ven the best criminal
defense attorneys would not defend a particular client in the
same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir.
1990) (quoting Strickland, 466 U.S. at 689)).

Second, Monas must "affirmatively prove prejudice" by
showing that "there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding
would have been different." Williams at 693-94; see also, e.g.,
United States v. Acevedo, 229 F.3d 350, 356 (2d Cir.), cert.
denied, 531 U.S. 1027 (2000). In the context of a guilty plea,
"to satisfy the second prong of Strickland . . . the defendant
must show that there is a reasonable probability that were it not
for counsel's errors, he would not have pled guilty and would
have proceeded to trial." United States v. Arteca, 2005 WL
1404571 (2d Cir. 2005) at *4, citing Hill v. Lockhart, 474 U.S.

52, 59 (1985).  Only if both elements of the test are satisfied
can a reviewing court conclude that "counsel was not functioning
as the 'counsel' guaranteed the defendant by the Sixth
Amendment."  Strickland, 466 U.S. at 687.

   To prevail on an ineffective assistance of counsel
claim, moreover, it is not enough for a defendant merely to
assert that claim without any credible specifics.  A defendant
who raises a claim of ineffectiveness has the burden, at the
threshold, of showing that his claim is plausible, see e.g.,
United States v. Tarricone, 996 F.2d 1414, 1417-18 (2d Cir.
1993), by making factual allegations that do not "merely
contradict the record," are not "inherently incredible," or are
not "simply conclusory."  United States v. Torres, 129 F.3d at
715, 717 (2d Cir. 1997).

### 1.    Monas Has Not Shown Ineffectiveness

   Monas first attacks his conviction and sentence by
arguing that his counsel advised him that, in light of the plea
agreement, he could expect a fully concurrent sentence.  At the
time of his plea, however, Monas told Judge Eaton under oath –
just as he agreed in his plea agreement – that he understood that
the sentencing judge would not be bound by the terms of the plea
agreement, and could impose a sentence higher than the range that
was stipulated in the plea agreement.  Plea Tr. at 8-10.  Judge
Eaton then confirmed that Monas understood that he would not be
permitted to withdraw his plea if he was dissatisfied with his

sentence.  Id.

A district court has the discretion to rely on such sworn statements in open court and to hold the defendant to them. As the Supreme Court has stated:

> Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Courts have a strong interest in the finality of guilty pleas and, as the Second Circuit has recently reiterated, "[t]he detailed procedures set forth in Fed. R. Crim.P. 11(b) for the taking of guilty pleas are intended to ensure that such pleas are not 'merely tentative.'" United States v. Arteca, 2005 WL 1404571 (2d Cir. 2005) at *4.

Monas next attacks the effectiveness of counsel by citing alleged errors with respect to grouping and maximum sentences. Monas provides no "credible specifics," however, about the errors, or their supposed impact on his decision to plead guilty.

Finally, Monas alleges without elaboration that his counsel "admitted representation of potential conflict client."    See attachment to motion.  Monas provides the Court with no information, and certainly no "credible specifics," about how this potential conflict constituted ineffective assistance.

2.    Monas Has Not Shown Prejudice.

To succeed on his ineffective assistance of counsel claim, Monas must show not only that his counsel was ineffective, but also

that he was prejudiced by the alleged ineffectiveness.  In the context of a guilty plea, "to satisfy the second prong of Strickland . . . the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." United States v. Arteca, 2005 WL 1404571 (2d Cir. 2005) at *4, citing Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Monas has made no showing whatsoever of prejudice.  He has not demonstrated that counsel's alleged errors in any fashion undermined the free and voluntary nature of his plea.  Nor has he shown that, absent counsel's alleged errors, he would have gone to trial.  Monas has not suggested that he was innocent, or pointed to any weaknesses in the Government's proof that would have made a decision to proceed to trial a wise one.

Indeed Monas would have difficulty making any prejudice argument.  Monas' claims appear to center on the advice he received regarding the punishments for his crimes.  At his guilty plea, however, Monas stated under oath that he understood the statutory maximums applicable to his offenses, Plea Tr. at 10-11, as well as the Sentencing Guidelines.  Id. at 7-10.  Monas also confirmed that he understood that even if his sentence was different from what he expected, he would still be bound by his guilty plea.  Id.  Here too a district court has the discretion to rely on such sworn statements in open court and to hold the

20

defendant to them. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977), particularly given the Court's interest in finality. In light of Judge Eaton's careful allocution of Monas at his guilty plea, it is difficult to imagine any argument that he was prejudiced by some misapprehension of the applicable penalties.

<u>**CONCLUSION**</u>

For all of the reasons set forth above, the Government respectfully submits the motion should be denied.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _Joan M. Loughnane / llg_
Joan M. Loughnane
Assistant United States Attorney
Telephone (212) 637-2265

<u>CERTIFICATE OF SERVICE</u>

CHRISTOPHER L. GARCIA, deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York, and that on November 13, 2007, he caused a copy of the attached Memorandum Of Law In Opposition To Monas's Motion To Vacate, Set Aside, Or Correct Sentence, to be served, by ECF and First Class Mail on:

    Ira Monas
    18150-053
    FCI Otisville
    Federal Correctional Institution
    P.O. Box 1000
    Otisville, new York 10963

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       November 13, 2007

CHRISTOPHER L. GARCIA