**Westlaw.**

178 Fed.Appx. 68                                                                                                          Page 1

178 Fed.Appx. 68, 2006 WL 1115442 (C.A.2 (N.Y.))
**(Cite as: 178 Fed.Appx. 68)**

C
U.S. v. Monas
C.A.2 (N.Y.),2006.
This case was not selected for publication in the Federal Reporter.RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)", UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)
United States Court of Appeals,Second Circuit.
UNITED STATES of America, Appellee,
v.
IraMONAS, Defendant-Appellant.
No. 05-0123.

April 26, 2006.

**Background:** Defendant was convicted in the United States District Court for the Southern District of New York, Owen, J., of two counts of securities fraud, and he appealed.

**Holdings:** The Court of Appeals held that:

(1) government did not breach plea agreement, and

(2) concurrent 96-month sentences violated statute providing for maximum sentence of 60 months for each count.

Affirmed and remanded.
West Headnotes
**[1] Criminal Law 110 €═273.1(2)**

110 Criminal Law
    110XV Pleas
        110k272 Plea of Guilty
            110k273.1 Voluntary Character
                110k273.1(2) k. Representations, Promises, or Coercion; Plea Bargaining. Most Cited Cases

**Criminal Law 110 €═274(3.1)**

110 Criminal Law
    110XV Pleas
        110k272 Plea of Guilty
            110k274 Withdrawal
                110k274(3) Grounds for Allowance
                      110k274(3.1) k. In General. Most Cited Cases
Government did not breach plea agreement pursuant to which defendant pleaded guilty to securities fraud, and thus, defendant was not entitled to withdraw plea; although defendant's 96-month sentence exceeded sentencing guidelines range of 70-87 months to which parties stipulated in plea agreement, defendant was informed repeatedly

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

178 Fed.Appx. 68                                                                                                                    Page 2
178 Fed.Appx. 68, 2006 WL 1115442 (C.A.2 (N.Y.))
**(Cite as: 178 Fed.Appx. 68)**

by government and district court that court was not bound by plea agreement, that government made no assurances as to what sentence defendant would receive, and that court's calculation of guidelines sentence could differ, and government made no recommendation as to what sentence defendant should receive within stipulated range.

**[2] Securities Regulation 349B** ⚖ 194

349B Securities Regulation
    349BI Federal Regulation
        349BI(G) Offenses and Prosecutions
           349Bk194 k. Criminal Prosecutions in General. Most Cited Cases
Defendant's concurrent 96-month sentences for two counts of securities fraud violated statute providing for maximum sentence of 60 months for each count. Securities Act of 1933, § 1(a), 15 U.S.C.A. § 77a(a); 18 U.S.C.A. § 2; 28 U.S.C.A. § 2255.

*68 Appeal from the United States District Court for the Southern District of New York (Owen, J.).
**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** and the case be **REMANDED** to the district court for resentencing.

Andrew D. Greene, P.C., Lake Success, New York, for Appellant.
Marcia R. Isaacson, Assistant United States Attorney for the Southern District of New York ( Michael J. Garcia, United States Attorney; Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. JOHN G. KOELTL, District Judge.[FN*]

>   FN* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

**\*\*1** IraMonas appeals from the judgment of conviction following a guilty plea for two counts of securities fraud entered December 29, 2004 in the United States District Court for the Southern District of New York. Monas pled guilty to two of the three counts in the Indictment, all three of which involved securities fraud in connection with the offer and sale of shares in an oversubscribed initial public offering ("IPO"), in violation of 15 U.S.C. §§ 77a(a), 88(x) and 18 U.S.C. § 2. Each count carried a maximum sentence of 60 months. By plea agreement, Monas and the government stipulated to the sentencing calculations under the November 1, 2000 Guidelines, and provided that Monas's adjusted offense level is 21, with a Criminal History Category of VI. The plea agreement further stipulated-incorrectly-that the sentencing range for an offense level of 21 and Criminal History Category of VI is 70 to 87 months. In fact, the 2000 Guidelines sentencing range for that level and category is 77 to 96 months. The district court sentenced Monas principally to two concurrent terms of imprisonment of 96 months on each count. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.[FN1]

>   FN1. Monas does not seek resentencing pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) or *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[1] (1) Monas seeks specific performance of the plea agreement or permission to withdraw his guilty plea on the alternate grounds of breach by the government and mutual mistake. Monas was, however, informed repeatedly by the government and the district court that the court was not bound by the plea agreement, that the government made no assurances as to what sentence Monas would receive, and that the court's calculation of the Guidelines sentence may differ. Moreover, the government made no recommendation as to what sentence Monas should receive within the stipulated range, thereby complying with its undertaking not to advocate a higher sentence. The government

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

178 Fed.Appx. 68                                                                                           Page 3
178 Fed.Appx. 68, 2006 WL 1115442 (C.A.2 (N.Y.))
**(Cite as: 178 Fed.Appx. 68)**

therefore breached no promise.

Monas' reliance on the doctrine of mutual mistake is also unavailing for two reasons. First, Monas waived the argument by not raising it until appeal. *See United States v. Basket,* 82 F.3d 44, 49 (2d Cir.1996). Monas knew of the error in the stipulated sentencing range for more than 20 months prior to sentencing, yet Monas did not seek to withdraw the plea-even when he pointed the error out to the district court. Second, even absent waiver, Monas' argument fails under this Court's holding in *United States v. Rosen,* 409 F.3d 535 (2d Cir.2005), which affirmed the denial of a motion to withdraw a guilty plea where (as here) the plea agreement "expressly took into account the possibility that those understandings [regarding the Guidelines calculation] might not prevail." *Id.* at 548.

**\*\*2** We conclude that Monas may not withdraw his guilty plea and is not entitled to a reduced sentence.

[2] (2) Though not raised by either party, there is, however, a clear error in the district court's sentence. Each count for which Monas was convicted carries a maximum sentence of 60 months; it was therefore error to sentence him to two concurrent sentences of 96 months on each count.[FN2] "[B]ecause the sentence imposed **\*70** here was 'in excess of the maximum authorized by law' and, therefore, expressly made subject to correction under 28 U.S.C. § 2255, we take the opportunity ... to require the district court to correct the sentence, without the necessity of defendant's bringing an additional proceeding." *United States v. Restrepo,* 986 F.2d 1462, 1463 (2d Cir.1993).

> FN2. A 96 month sentence can be imposed by providing that 36 months on one of the counts is to run consecutively to the sentence on the remaining count. United States Sentencing Commission, *Guidelines Manual,* § 5G1.2(d).

(3) Monas argues that his trial counsel, who underestimated the potential exposure Monas faced and failed to seek withdrawal of Monas' plea upon learning of the mistake, rendered ineffective assistance of counsel. When faced with such a claim on direct appeal, this Court may "decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255[.]" *United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003) (citing *United States v. Leone,* 215 F.3d 253, 256 (2d Cir.2000)). This is the preferred method for handling such claims because "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). The record before us is undeveloped with respect to any prejudice caused by any alleged deficiency in counsel's representation, and we therefore decline to hear the ineffective assistance claim, dismissing it without prejudice to Monas' raising the claim pursuant to 28 U.S.C. § 2255.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**, and the case is **REMANDED** with a direction that the district court impose a sentence on each conviction that does not exceed the five-year statutory maximum.

C.A.2 (N.Y.),2006.
U.S. v. Monas
178 Fed.Appx. 68, 2006 WL 1115442 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.