**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
                        :

**IRA MONAS,**                   :        **MEMORANDUM**

                       :        **OPINION AND ORDER**

          **Petitioner,**     :

                       :        **07 Civ. 5954 (SAS)**

     **- against -**             :        **04 CR 1355 (SAS)**

                       :

**UNITED STATES OF AMERICA**    :

                       :

          **Respondent.**    :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Ira Monas filed a pro se motion to vacate, set aside, or correct his sentence pursuant to section 2255 of title 28 of the United States Code ("section 2255"). Monas asserts six separate grounds for relief: (1) ineffective assistance of counsel; (2) violation of the right to a speedy trial; (3) unlawful inducement to enter into the plea agreement; (4) breach of the plea agreement; (5) excessive sentence and an abuse of discretion in sentencing; and (6) ineligibility for sentence reduction under a residential drug abuse program.[1]  For the reasons set forth

---

[1]    *See* Monas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Habeas Motion") at 2-14; Letter Motion (Oct. 1, 2007) (requesting that the June 5, 2007 letter from Monas to the Court be incorporated into the Habeas Motion as a sixth ground to vacate, set aside, or correct Monas's sentence of imprisonment); Monas's Reply to

1

below, Monas's motion is denied.

## II.    BACKGROUND

Monas was arrested on February 15, 2001 and indicted on three

counts of securities fraud on July 25, 2001 (the "Securities Case").[2]  He pled

guilty on December 29, 2004 to two of the three counts.[3]  Monas remained free on

bond until he was arrested again on December 4, 2003, and charged with two

counts of wire fraud.[4]  While released on bond, and while serving as Senior Vice

President of EFG/East Coast, a financing company, Monas solicited and collected

$265,503 in  payments from approximately twenty people in exchange for a

promise that he would secure financing on their behalf.[5]  In fact, Monas used the

money he obtained for personal expenses.[6]

On December 7, 2004, Monas waived indictment and consented to

---

Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Vacate, Set Aside or Correct Sentence.

[2]    *See* Government's Memorandum of Law in Opposition to Monas's Motion to Vacate, Set Aside, or Correct Sentence ("Gov't Mem.") at 1.

[3]    *See United States v. Monas*, 178 Fed. Appx. 68, 69 (2d Cir. 2006).

[4]    *See* Gov't Mem. at 2-3.

[5]    *See id.* at 2.

[6]    *See id.*

the filing of a two-count Information against him (the "Wire Fraud Case").[7] In

pleading guilty, Monas waived his right to appeal or litigate any sentence lower

than 96 months, the top of the applicable Guidelines range.  As part of the plea

agreement, the Government promised to take no position on whether the sentence

on the Wire Fraud Case should run consecutively or concurrently with Monas's

sentence in the Securities Case.  In entering the plea before the Magistrate Judge,

Monas confirmed that he understood the plea agreement and that it had not been

unlawfully induced.[8]  Monas was sentenced on the Wire Fraud Case to 77 months

in prison (the lowest end of the Guidelines range), the first 60 months of which

were to run concurrently to his sentence in the Securities Case.[9]  The instant

petition is directed to his conviction in the Wire Fraud Case.

## III.    LEGAL STANDARDS

### A.    Section 2255

Section 2255 allows a convicted person held in federal custody to

petition the sentencing court to vacate, set aside or correct a sentence.  A motion

---

[7]      *See id.* at 2-3.

[8]      *See id.* at 4.

[9]      *See id.* at 6.  In an amended judgment in the Securities Case, Judge
Richard Owen sentenced Monas to two concurrent terms of sixty months
imprisonment. *See Monas*, 178 Fed. Appx. at 69.

3

filed under section 2255 must allege that: (1) the sentence violated the
Constitution or laws of the United States; (2) the sentencing court was without
jurisdiction to impose such a sentence; (3) the sentence was in excess of the
maximum authorized by law; or (4) the sentence is otherwise subject to collateral
attack.[10]  Relief under section 2255 is therefore only available for "a constitutional
error, a lack of jurisdiction in the sentencing court or an error of law or fact that
constitutes a 'fundamental defect which inherently results in a complete
miscarriage of justice.'"[11]

### B.    Waiver of Collateral Attack of Rights

A defendant's waiver of rights under section 2255 is enforceable so
long as the waiver is both "knowing and voluntary."[12]  To be knowing, the
defendant must fully understand "the potential consequences of his waiver."[13]  A
defendant may waive his or her right to appeal or to litigate a sentence of a certain
length, though such waiver does not foreclose an appeal of consecutive sentences[14]

---

[10]    *See* 28 U.S.C. § 2255.

[11]    *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[12]    *United States v. Ready*, 82 F.3d 551, 556 (2d Cir. 1996).  *See also* Fed. R. Crim. P. 11(c)(6).

[13]    *Ready,* 82 F.3d at 556.

[14]    *See United States v. Williams*, 260 F.3d 160, 164-65 (2d Cir. 2001).

or an attack on the validity of the process by which the waiver was procured.[15]

The Second Circuit has consistently recognized the benefits to both defendants and the Government in upholding plea bargain agreements.[16] While the defendant gains limited exposure at sentence, the Government expends less resources. The benefit of the bargain is lost when a defendant can nonetheless collaterally attack his sentence.[17]

### C.    Breach of the Plea Agreement

Just as a defendant is required to uphold his end of the plea agreement, the Government is required to do the same. To determine whether the Government has breached a plea agreement, the "court must look to what the parties reasonably understood to be the terms of the agreement."[18] The remedy for

---

[15]    *See United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) ("[A] plea agreement containing waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.").

[16]    *See United States v. Quinones*, 511 F.3d 289, 323 (2d Cir. 2007) ("[T]he waiver was entered as part of a plea agreement process that permitted the defendant and the government to allocate risk, to obtain benefits, to achieve finality and to save resources.") (quotation marks omitted).

[17]    *See United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000); *United States v. Djelevic*, 161 F.3d 519, 521 (2d Cir. 1998).

[18]    *United States v. Lawlor*, 168 F.3d 633, 636 (2d Cir. 1999) (quotation marks and citations omitted).

5

breach by the Government is "'either to permit the plea to be withdrawn or to order specific performance of the agreement.'"[19]  In *United States v. Vaval*, the Court of Appeals for the Second Circuit found that "in order to preserve the integrity of plea bargaining procedures and public confidence in the criminal justice system, a defendant is generally entitled to the enforcement of a plea agreement without showing tangible harm resulting from a breach."[20]  In that case, the Government agreed to take no position on sentencing.[21]  The Government nonetheless recited the defendant's criminal history and asked the court to consider it while deciding what sentence to impose.[22]  The Second Circuit held that the Government had breached the plea agreement and remanded for resentencing before a different district judge.[23]

However, the Second Circuit also noted in *Vaval* that not every breach of a plea agreement requires a remedy, and that the nature of or need for a

---

[19]    *United States v. Vaval*, 404 F.3d 144, 154 (2d Cir. 2005) (quoting *United States v. Brody*, 808 F.2d 944, 947 (2d Cir. 1986)).

[20]    *Id.*

[21]    *See id.* at 149-50.

[22]    *See id.*

[23]    *See id.* at 155-56.

remedy depends on the facts of each case.[24]  A remedy is not required where the

defendant does not suffer "any meaningful detriment."[25]  In *United States v.*

*Casamento*, the Second Circuit held that while the Government's submission of a

sentencing memorandum was technically a violation of the plea agreement, a

remedy was not required because all of the statements in the memorandum were

properly before the court.[26]  As a result, there was no meaningful detriment to the

defendant as the purpose of the plea agreement was fulfilled.

### D.    Ineffective Assistance of Counsel

A defendant seeking to collaterally attack his sentence based on

ineffective assistance of counsel must meet the standard set forth in *Strickland v.*

*Washington* by first rebutting the presumption that counsel's performance did not

fall below "an objective standard of reasonableness."[27]  Second, the defendant

must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."[28]

The defendant must make a showing that "were it not for counsel's errors, he

---

[24]    *See id.* at 154.

[25]    *Id.* at 155.

[26]    887 F.2d 1141, 1182 (2d Cir. 1989).

[27]    *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[28]    *Id.* at 694.

would not have pled guilty and would have proceeded to trial."[29]

## IV.   DISCUSSION

### A.    Ineffective Assistance of Counsel and Speedy Trial Violations

Monas asserts that his cousel was ineffective and he was denied a speedy trial in the Securities Case.[30]  Whatever merit these claims may have, they do not relate to his conviction and sentence in the Wire Fraud Case, which is and was the only case before this court.

### B.    Unlawful Inducement to Enter into Plea Agreement

Monas next claims that he was unlawfully induced by his counsel to plead guilty in the Wire Fraud Case when his counsel advised him that he could "expect [a] fully concurrent sentence."[31]  This claim is totally without merit as Monas received a fully concurrent sentence.  The seventy-seven month sentence in the Wire Fraud Case ran fully concurrent to the sixty month sentence in the Securities Case.  That the sentence in the Wire Fraud Case was longer than the sentence in the Securities Case does not alter the fully concurrent nature of the sentence imposed.  Because Monas cannot show that his counsel's performance

---

[29]    *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[30]    *See* Habeas Motion at 6, 11-12 (including Ground Five addendum).

[31]    *Id.* at 8.

8

fell below "an objective standard of reasonableness,"[32] nor does the record demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,"[33] the *Strickland* standard has not been met.

### C. Monas's Attacks on the Plea Agreement and Sentence Are Barred by the Waiver in His Plea Agreement

In his plea agreement, Monas stipulated he would not "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and or/2241, any sentence within or below the stipulated Sentencing range [of 77 to 96 months] set forth [in the plea agreement]."[34]  Moreover, Monas knowingly and voluntarily waived his right to file a section 2255 motion.  Before accepting Monas's plea of guilty, the Magistrate Judge confirmed that Monas understood the implications of the waiver.[35]  The Judge also confirmed that Monas was competent to enter such a plea.[36]  Because the sentence was within the Stipulated Sentencing Guidelines Range, and because Monas's waiver of his section 2255 rights was "knowing and

---

[32]     *Strickland*, 466 U.S. at 687-88.

[33]     *Id.* at 694.

[34]     Gov't Mem. at 8-9 (alteration in original).

[35]     *See id.* at 11.

[36]     *See id.*

9

voluntary," the waiver must be enforced.[37]

Monas's claims that his seventy-seven month sentence was an abuse of discretion and excessive as a matter of law are barred by the waiver. Monas also claims that his sentence should be reduced because the Bureau of Prisons found that he was ineligible for a residential drug abuse program. This claim was also waived when he agreed not to appeal or otherwise litigate his sentence.

### D.    Breach of the Plea Agreement

Monas alleges that the Government breached the plea agreement by arguing that some portion of his sentence should be imposed consecutively to his previous sentence. At the sentencing hearing, the prosecutor stated:

> As the government indicated in the plea agreement, the government has taken no position on whether the sentences should be concurrent or consecutive. With that in mind, I just want to make a note that because there is an enhancement for committing the crime while on release, 18 U.S.C. 3147 says a term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment. I think all that means though is that one day versus the entire amount could be consecutive. So I just wanted to point that out to the court.[38]

The Government argues that it did not "advocate in any fashion for consecutive

---

[37]    *Ready*, 82 F.3d at 556 (waiver must be "knowing and voluntary").

[38]    Transcript of Sentencing Hearing at 50.

10

time, despite the defendant's lengthy criminal history."[39]  However, the

Government explicitly stated that Monas was on "release" thereby making

reference to his criminal history.  Moreover, the Government noted that section

3147 requires that the sentence be consecutive where the defendant commits a

crime while on release.  But alerting the court to this statutory requirement did not

violate the plea agreement.  Even if it did, Monas received the lowest possible

sentence within the Stipulated Sentencing Guidelines Range.  There is no proof

that petitioner suffered any meaningful detriment as a result of the Government's

statement.

## V.    CONCLUSION

For the foregoing reasons, Monas's motion pursuant to section 2255

is denied.  The remaining issue is whether to grant a certificate of appealability

("COA").  For a COA to issue, petitioner must make a "substantial showing of the

denial of a constitutional right."[40]  A "substantial showing" does not require a

petitioner to demonstrate that he would prevail on the merits; petition must merely

show that reasonable jurists could differ as to whether "the petition should have

been resolved in a different manner or that the issues presented were 'adequate to

---

[39]    Gov't Mem. at 13.

[40]    28 U.S.C. § 2253(c)(2).

11

deserve encouragement to proceed further.'"[41]  Petitioner has made no such

showing.  Accordingly, I decline to grant a certificate of appealability.  The Court

is directed to close this motion [docket number 1] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              February 21, 2008

---

[41]      *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  *Accord Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

## - Appearances -

**Petitioner (Pro Se):**

Ira Monas
No. 18150-053
Federal Correctional Institution Otisville
P.O. Box 1000
Otisville, New York 10963

**For Respondent:**

Joan M. Loughnane
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2265