**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
                                                        :
IRA MONAS,
                                                        :
                                    Petitioner,
                                                        :
                          - against -
                                                        :
UNITED STATES OF AMERICA,
                                                        :
                                    Respondent.
-------------------------------------------------------X

**ORDER**

**07 Civ. 5954 (SAS)**

**04 CR 1355 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On March 7, 2005, petitioner Ira Monas was sentenced to seventy-seven months imprisonment on two counts of wire fraud (the "Wire Fraud Case"). Monas then filed a pro se motion to vacate, set aside, or correct his sentence pursuant to section 2255 of title 28 of the United States Code ("section 2255"). That motion was denied by this Court in a Memorandum Opinion and Order dated February 21, 2008.[1] Petitioner now moves for reconsideration under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").[2] For the following reasons, this motion is also denied.

---

[1]    *See Monas v. United States*, No. 07 Civ. 5954, 2008 WL 483608, at *4 (S.D.N.Y. Feb. 21, 2008).

[2]    *See* Motion of Reconsideration to Alter or Amend Judgment Under Rule 59E ("Motion").

## I.    STANDARD OF REVIEW

The standards governing motions to alter or amend judgment

pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to

Local Civil Rule 6.3[3] are the same.[4]  Motions for reconsideration are committed to

the sound discretion of the district court.[5]  "The standard for granting such a

motion is strict, and reconsideration will generally be denied unless the moving

party can point to controlling decisions or data that the court overlooked matters,

in other words, that might reasonably be expected to alter the conclusion reached

by the court."[6]  Reconsideration is an "extraordinary remedy to be employed

---

[3]      References to "Local Rules" are, more specifically, references to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, effective April 15, 1997.

[4]      *See 4200 Avenue K LLC v. Fishman*, No. 00 Civ. 8814, 2001 WL 498402, at *1 (S.D.N.Y. May 10, 2001).

[5]      *See Patterson v. United States*, No. 04 Civ. 3170, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[6]      *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *See also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (quotation marks and citation omitted).

sparingly in the interests of finality and conservation of scarce judicial resources."[7]

Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court.[8]  A motion for reconsideration is not a substitute for appeal.[9]  Nor is it "a 'second bite at the apple' for a party dissatisfied with a court's ruling."[10]  Accordingly, the moving party may not "advance new facts, issues or arguments not previously presented to the Court."[11]

## II.    DISCUSSION

Petitioner has not advanced any controlling law or facts overlooked by this Court in deciding his section 2255 motion.  Rather, petitioner raises a new argument, to wit, that section 5G1.3(b) of the United States Sentencing Guidelines ("U.S.S.G.") compels a fifteen-month reduction in the sentence on the Wire Fraud

---

[7]    *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation marks and citation omitted).

[8]    *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000).

[9]    *See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002).

[10]    *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004).

[11]    *Caribbean Trading and Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (quotation marks and citation omitted).

Case. In order to understand this argument, it is necessary to briefly review petitioner's criminal history. On February 15, 2001, petitioner was arrested and charged with securities fraud.[12] This case, the "Securities Fraud Case," was assigned to Judge Richard Owen. Shortly after his arrest, petitioner was released on a personal recognizance bond.[13] Petitioner remained at liberty until December 4, 2003, when he was arrested on a complaint charging wire fraud. This case was assigned to me.

Apparently, while at liberty, petitioner engaged in additional criminal activity whereby he enticed victims to transfer loan advance fees, by wire, to an account in the name of EFG/East Coast.[14] Petitioner's victims wired such fees into this account from July 2003, when the account was opened, through November 30, 2003.[15]

On December 12, 2004, Judge Owen sentenced petitioner to ninety-six months on the Securities Fraud Case. This sentence was appealed and, on remand, was amended to sixty months, the statutory maximum sentence. On

------------------------------------------------

[12]    *See* 1/18/05 Presentence Investigation Report ¶ 6.

[13]    *See id.* § 7.

[14]    *See id.* § 14.

[15]    *See id.* § 15.

March 7, 2005, I sentenced petitioner to seventy-seven months in custody, sixty months of which were to run concurrently on the sentence imposed on the Securities Fraud Case and the remaining seventeen months to run consecutively. Thus, even though the sentence on the Wire Fraud Case exceeded the sentence on the Securities Fraud Case, petitioner received the full benefit of concurrent sentences.

Petitioner, on reconsideration, seeks to invoke section 5G1.3 in a mistaken attempt to compel this Court to reduce his sentence by fifteen months, which represents the time period between petitioner's arrest on the Wire Fraud Case, December 4, 2003, and the date of sentencing on that case, March 7, 2005. According to petitioner, such reduction is warranted "because the sentence for the instant offense included relevant conduct of the undischarged term of imprisonment, that was the basis for an increase in the offense level for the instant offense . . . ."[16]

Petitioner misunderstands section 5G1.3, which states that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense . . . and that was the basis for an increase in the offense level for the instant offense," then the sentence for the instant offense shall be adjusted

---

[16]    Motion at 3.

5

(reduced) for any period of imprisonment already served on the undischarged term

of imprisonment (for the other offense) if such period will not be credited to the

instant offense.[17]  The only way section 5G1.3 could reduce petitioner's sentence

is if: (1) the sentence on the Wire Fraud Case was somehow increased because the

Securities Fraud Case was considered relevant conduct; and (2) petitioner had

served a portion of his sentence on the Securities Fraud Case before he was

sentenced on the Wire Fraud Case.  While the latter is true, the former is not.[18]

The Wire Fraud Case and the Securities Fraud Case represent separate and distinct

offenses, both temporally and substantively.  Thus, the offense level in the Wire

Fraud Case was not increased by reason of the Securities Fraud Case and section

5G1.3 does not apply.  Furthermore, any redundancy in sentences was taken into

account when I made the sentence in the Wire Fraud Case fully concurrent with

the sentence in the Securities Fraud Case.  Accordingly, petitioner's section 5G1.3

argument is not only a new argument raised for the first time on reconsideration,

---

[17]     U.S.S.G. § 5G1.3(b)(1).

[18]     After reviewing the sentencing transcript, it is clear that the Securities
Fraud Case was never considered relevant conduct in the Wire Fraud Case.  *See*
3/7/05 Transcript of Sentencing Proceeding at 4, 11 ("Mr. Monas got eight years
for the fraud he committed earlier which was much more significant moneywise
than the fraud he has pled to here, which is less than a tenth of that amount of
money.")

6

but it is totally without merit.

## III.    CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration is denied.  Furthermore, because petitioner's June 5, 2007 letter was incorporated into his section 2255 motion as a sixth ground for relief,[19] his Letter Motion dated October 1, 2007, is also denied.  The Clerk of the Court is directed to close both motions (Documents # 16 and 20 in case no. 04 CR 1355 (SAS)).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          July 3, 2008

---

[19]    *See Monas*, 2008 WL 483608, at *1 n.1.

## - Appearances -

**Petitioner (Pro Se):**

Ira Monas
# 18150-053
FCI Otisville
P.O. Box 1000
Otisville, New York 10963

**For Respondent:**

Joan Loughnane
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2265